IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ARGONAUT INSURANCE COMPANY,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:15-CV-2764-L** |
| | § | |
| **HK&S CONSTRUCTION HOLDING,** | § | |
| **CORP., HUGO KEY & SON, INC.,** | § | |
| **JONATHAN P. KEY, HUGO KEY II, and** | § | |
| **HUGO KEY III.,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff Argonaut Insurance Company's ("Plaintiff") Verified Application for Temporary Restraining Order, Preliminary Injunction and Other Equitable Relief ("Application") (Doc. 4), filed August 24, 2015; and Plaintiff's Request for Rule 16(a) Conference (Doc. 10), filed October 1, 2015. After reviewing the Application, exhibits, and applicable law, the court **grants** the temporary restraining order, and will set a hearing for the preliminary injunction. The court **denies as moot** Plaintiff's Request for Rule 16(a) Conference.

## I.       Background

Plaintiff is a surety company that issued bonds to Defendants for various construction projects. Plaintiff required indemnity before issuing any bonds; therefore, Plaintiff and Defendant HK&S Construction Holding Corporation entered into a General Indemnity Agreement ("Agreement") on July 15, 2009. In the Agreement, Defendant agreed to indemnify Plaintiff against any loss, cost, and expense incurred by Plaintiff. Pl.'s V. Appl. ¶ 9. Defendant further agreed to

**Memorandum Opinion and Order - Page 1**

deposit collateral on demand to protect Plaintiff from potential financial risk.  *Id.* ¶ 10.  Plaintiff

contends that it relied on the Agreement in its issuance of payments and bonds, including bond

number SUR0005651 (the "Bond").  *Id.* ¶ 12.  In the period of time since the issuance of the Bond,

Plaintiff has received two claims totaling $34,940.10, alleging Defendant was not making payments

to subcontractors and suppliers; however,  Plaintiff only has $47,000 in reserves.  *Id.* ¶ 11, 13.

Plaintiff argues that it will incur at least $10,000 in additional losses as a result of the claims on the

Bond.

On or about August 11, 2015, Plaintiff made a demand for Defendants to deposit collateral

pursuant to the terms of the Agreement.  Defendants have failed to post the requested collateral.  *Id.*

¶ 16-17.   Plaintiff filed this action on August 24, 2015 and filed its Verified Application for

Temporary Restraining Order, Preliminary Injunction and Other Equitable Relief on the same day.

On August 25, 2015, the court ordered Defendants to respond to Plaintiff's application.  Defendant

failed to comply with the court's order.  On September 1, 2015, Plaintiff filed a Status Report (Doc.

7) indicating that Defendant will not comply with the court's order and will not appear in court.

## II.    Standard for Preliminary Injunction or Temporary Restraining Order

There are four prerequisites for the  extraordinary relief  of preliminary injunction or

temporary restraining order.  A court may grant such relief only when the movant establishes that:

> (1) there is a substantial likelihood that the movant will prevail on the
> merits; (2) there is a substantial threat that irreparable harm will result
> if the injunction is not granted; (3) the threatened injury [to the
> movant] outweighs the threatened harm to the defendant; and (4) the
> granting of the preliminary injunction will not disserve the public
> interest.

*Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987); *Canal Auth. of the State of Florida  v.*

*Callaway*, 489 F.2d 567, 572 (5th Cir. 1974) (*en banc*).   The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order or preliminary injunction can be granted.   *Mississippi Power and Light Co. v. United Gas Pipeline*, 760 F.2d 618, 621 (5th Cir. 1985); *Clark*, 812 F.2d at 993.   Otherwise stated, if a party fails to meet *any* of the four requirements, the court cannot grant the temporary restraining order or preliminary injunction.

## III.   Discussion

Plaintiff requests a temporary restraining order providing specific performance of the Agreement pursuant to Federal Rule of Civil Procedure 65.   Plaintiff has pleaded and proved all four requirements for the issuance of a temporary restraining order..   Plaintiff has shown that it is likely to prevail on the merits; that there is a substantial threat Plaintiff will suffer irreparable injury for which there is no remedy at law; that the threatened injury outweighs the harm to Defendants; and that granting the temporary restraining order would not disserve the public interest.

Plaintiff's argument is based on financial injury and, ordinarily, financial loss alone is not adequate to show irreparable harm.   "Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of [an injunction], are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, [weighs] heavily against a claim of irreparable harm." *Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262, 279 (5th Cir. 2012)(quoting  *Morgan v. Fletcher*, 518 F.2d 236, 240 (5th Cir.1975)).   An injury is not irreparable if it can be fixed through monetary remedies. *Id.*   Here, Plaintiff has provided an e-mail from Defendants stating that they do not have the funds to defend the suit. Pl.'s Status Report Ex. 1. This is a credible indication to the court that Defendant

**Memorandum Opinion and Order - Page 3**

has no means available for monetary remedies to the suit, and therefore, no adequate remedy at law is available. Therefore, Plaintiff has shown irreparable harm, and a temporary restraining order is proper.

## IV.    Temporary Restraining Order

### IT IS HEREBY ORDERED AND DECREED THAT:

Within 14 days of the issuance of this order, Defendants shall pay Argonaut the sum of $47,000 in cash or equivalent (the "Collateral").

Argonaut may use and apply the Collateral in the ordinary course of business and consistent with its rights under the Indemnity Agreement.

Bond is set in the amount of $10,000, and this order shall not take effect until Plaintiff tenders a check to the clerk of the court in the sum of $10,000 cash, or a $10,000 bond in a form approved by the clerk, in compliance with Federal Rule of Civil Procedure 65(c).

A hearing on Plaintiff's application for a preliminary injunction is set for **Tuesday, October 27, 2015**, at **2:00 p.m.**

**It is so ordered** this 6th day of October, 2015, at 3:30 p.m.

Sam A. Lindsay
United States District Judge